STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED
September 19, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **E.H., D.J., A.J., and B.L.**

**No. 16-0458** (Mercer County 15-JA-132, 15-JA-133, 15-JA-134, & 15-JA-135)

## MEMORANDUM DECISION

Petitioner Father C.H., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's March 24, 2016, order terminating his parental, custodial, and guardianship rights to one-year-old E.H., three-year-old D.J., seven-year-old A.J., and five-year-old B.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Earl H. Hager, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating the minor children as abused and terminating his parental, custodial, and guardianship rights without an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against the parents. According to the petition, the parents took E.H., then three months old, to the emergency room for a head injury after petitioner fell while carrying E.H. Upon arrival at the hospital, E.H. did not have a pulse and was unresponsive. Thereafter, E.H. developed seizures. Additionally, a CT scan revealed that E.H. had subdural hematomas. Further medical imaging showed that E.H. had healing fractures of three rib bones, the right radius bone, and the femur bone. According to the petition, the parents could not explain E.H.'s injuries. Subsequently, the parents waived their right to a preliminary hearing.

In December of 2015, the circuit court held two adjudicatory hearings during which it heard testimony from multiple witnesses. A physician testified that E.H.'s brain injuries were not

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

consistent with petitioner's explanation of the events, but that the hemorrhages were instead consistent with "shaking." The physician also addressed the fact that E.H.'s broken bones were not consistent with a fall and that the broken bones occurred prior to this event. Ultimately, the physician testified that the injuries were the result of child abuse. A West Virginia State Police Officer further testified that E.H.'s mother admitted to the officer that petitioner pushed her against a wall while she was pregnant with E.H., and that prior to this incident, she heard a "pop or snapping noise while [petitioner] was holding E.H."

During the adjudicatory hearings, petitioner offered the testimony of two doctors to refute the DHHR's witnesses. However, one of petitioner's witnesses further corroborated the testimony of the DHHR's physician that, given all of E.H.'s symptoms, her diagnosis would be "non-accidental trauma to the brain." Other witnesses familiar with petitioner and E.H. testified that they did not see any signs of abuse on any of the children. Petitioner also testified on his own behalf that he "whipped his children" and "spanked" them with his hand. After considering the evidence, the circuit court adjudicated E.H. as an abused child and found that there is clear and convincing evidence that petitioner injured E.H. The circuit court also found that petitioner's abuse "rises to the level of [] aggravated circumstance of felonious assault[.]" Despite this finding, the circuit court granted petitioner supervised visitation with his children.

In March of 2016, the circuit court held a dispositional hearing which petitioner failed to attend.[2] A Child Protective Services worker testified that petitioner failed to exercise any visitation with his children following the adjudicatory hearing. Ultimately, the circuit court terminated petitioner's parental, custodial, and guardianship rights to the children. This appeal follows.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Petitioner's counsel was present at the dispositional hearing.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's adjudication of petitioner as an abusing parent or in terminating his parental, custodial, and guardianship rights without an improvement period.

First, petitioner assigns error to the circuit court's adjudication of him as an abusing parent. An abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." W.Va. Code § 49-1-3(1)(A) (2012). We have explained that

> "W.Va. Code, 49-6-2(c) [1980], requires the State Department of Welfare [now the Department of Human Services], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Petitioner claims the DHHR failed to prove abuse or neglect by clear and convincing evidence and ignored favorable testimony. This Court has previously held, "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)). "A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). While petitioner presented some favorable testimony, he ignores the other evidence of abuse. Expert testimony established that E.H.'s hemorrhages were consistent with "shaking" E.H. and not explained by the version of events proffered by petitioner. Further, expert testimony established that E.H. suffered five broken bones in the first three months of his life. Based upon the number of injuries and symptoms, one of petitioner's own experts opined that E.H.'s injuries could be classified as "non-accidental trauma to the brain." Based upon our review, it is clear that the circuit court considered the evidence as a whole and was presented with sufficient evidence upon which to base its finding that petitioner "injured" E.H., and "that such abuse rises to the level of . . . aggravated circumstances[.]"As such, we find no error.

Lastly, petitioner contends that the circuit court erred in terminating his parental, custodial, and guardianship rights to his children without granting him an improvement period. We disagree. Pursuant to § 49-4-610

> the court *may* grant an improvement period not to exceed six months as a disposition pursuant to section six hundred four of this article when (A) The respondent moves in writing for the improvement period, [and] when (B) the respondent demonstrates, by clear and convincing evidence, that the respondent is

likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period.

(Emphasis added.) We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, the record does not support that petitioner filed a written motion requesting an improvement period. Be that as it may, petitioner failed to meet his burden of proof of his likelihood to fully comply. While it is clear that the circuit court granted petitioner supervised visitation with his children following the adjudicatory hearing, the circuit court also heard testimony that he failed to visit his children during the underlying proceedings. Furthermore, petitioner's argument ignores the circuit court's finding that the abuse constituted aggravated circumstances. West Virginia Code § 49-4-604(b)(7) provides, in relevant part, that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to . . . chronic abuse." Therefore, the DHHR was not required to make reasonable efforts to preserve the family. As such, we find no error in this regard.

For the foregoing reasons, we find no error in the circuit court's March 24, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4